## FRANCE *v.* MISSOURI.

**ERROR TO THE SUPREME COURT OF THE STATE OF MISSOURI.**

No. 915. Submitted October 18, 1880. — Decided October 25, 1880.

No Federal question is raised in this case.

MOTION TO DISMISS. The case is stated in the opinion.

MR. CHIEF JUSTICE WAITE delivered the opinion of the court.

This was a proceeding by *quo warranto* to exclude the plaintiffs in error, who were the defendants below, from the further use of the franchises of a lottery, known as the Missouri State Lottery, on the ground that the event had happened which fixed the period for the termination of the grant under which they were acting. This was in legal effect all that the petition contained. The defendants in their answer conceded that their grant was to terminate on the happening of a certain event, but insisted that this event had not yet taken place, because they had for a time been prevented from carrying on their business by judicial proceedings against them in the courts of the State. This presented the only question in the case. It was agreed by both parties that the grant or contract under which the defendants claimed was valid and binding on the State and that the grant was not limited to an arbitrary period, but to the happening of a particular event. All these questions had long before been decided by the highest court of the State, and there was no attempt to overturn or modify the decisions. No claim was made under any of the statutes of the State passed for the suppression of lotteries, and the single question put to the Supreme Court of the State for determination was, whether the event had in fact happened which all agreed was to terminate the franchise. The court decided that it had, and gave judgment accordingly. No effect whatever was given to any law of the State impairing the obligations of the grant. Nothing was done but to decide that upon the evidence the grant had expired by its own limitation. The contracts as presented and agreed on by both parties were construed and full effect given to all the obligations

they were found to contain. No Federal question was raised or decided. *The motion to dismiss is, therefore, granted.*

*Mr. C. H. Krum* and *Mr. Wm. O. Bateman* for plaintiffs in error.

*Mr. Leverett Bell* for defendant in error.